UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BRANDON KYLES, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:19-CV-450-WCL-SLC |
| DAVID GLADIEUX, *et al.*, | |
| Defendant. | |

OPINION AND ORDER

Brandon Kyles, an inmate at the Allen County Jail proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint to determine whether it states a claim for relief. The court must bear in mind that "[a] document filed pro se is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted).

Kyles alleges that he is an Orthodox Jewish inmate. In January 2018, he wrote to Sheriff David Gladieux and asked to be put on a Kosher diet.[1] His request was forwarded to Chaplain Sivers (first name unknown). The Chaplain allegedly told him that there was no Kosher diet available at the prison, but that he could have the Hallal meals served to Muslim inmates. Kyles alleges that these meals do not comply with his religious dietary restrictions. He claims that he has often gone without eating because of this, and that in October 2019 he went on a four-day hunger strike.

---

[1] "The laws of kosher address a comprehensive dietary system—including not only the types of foods that may be eaten, but also the preparation requirements, which ensure kosher ingredients are not 'contaminated' by non-kosher ingredients. . . . [A]s such, kosher food must be carefully supervised through the phases of production." *Willis v. Comm'r, Indiana Dep't of Correction*, 753 F. Supp. 2d 768, 771 (S.D. Ind. 2010).

Kyles also asked to receive a Torah, but was told by Captain Alan Cook that none were available. Kyles claims that Christian and Muslim inmates are given access to their holy books. Captain Cook allegedly told him to use a "tablet" to access the Torah, knowing that Kyles does not have access to one. He states that he also asked the Chaplain why Jewish inmates were not allowed to have religious services, when Christian and Muslim inmates have them. However, no services were provided. Kyles claims he has repeatedly complained about these issues to the Sheriff, the Chaplain, and Captain Cook, but to no avail. As a result of their inaction, he claims that he has been unable to practice his religion while being housed at the jail. He sues the Sheriff, the Chaplain, Captain Cook, as well as Aramark, the private company that provides meals at the jail, seeking monetary damages and injunctive relief.

Prisoners have a right to exercise their religion under the Free Exercise Clause of the First Amendment. *Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011). "[T]he protections of the Free Exercise Clause pertain if the law at issue discriminates against some or all religious beliefs or regulates or prohibits conduct because it is undertaken for religious reasons." *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 532 (1993). Additionally, "[t]he Free Exercise Clause prohibits the state from imposing a substantial burden on a central religious belief or practice." *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013). Based on the allegations in the complaint, Kyles asserts a plausible First Amendment claim for money damages against Sheriff Gladieux, Chaplain Sivers, and Captain Cook regarding the denial of items needed to practice his religion.

Kyles also seeks injunctive relief related to the jail's provision of Kosher meals, religious services, and access to the Torah. The Religious Land Use and Institutionalized Persons Act ("RLUIPA") affords even broader protections than the First Amendment, and authorizes injunctive relief but not monetary damages. 42 U.S.C. § 2000cc-1(a); *Sossamon v. Texas*, 563 U.S. 277, 285 (2011). RLUIPA prohibits governmental entities from imposing "a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a); *Holt v. Hobbs*, 574 U.S. 352 (2015). Sheriff Gladieux, as the official overseeing operations at the jail, has both the authority and the responsibility to ensure that inmates are given the necessary items to practice their religion in accordance with the First Amendment and RLUIPA. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, Kyles will be permitted to proceed on a claim against Sheriff Gladieux in his official capacity for permanent injunctive relief under the First Amendment and RLUIPA related to obtaining the items needed to practice his religion.

As for Aramark, a private company may be held liable for constitutional violations when it performs a state function. *See West v. Atkins*, 487 U.S. 42 (1988); *Hildreth v. Butler*, 960 F.3d 420, 422 (7th Cir. 2020). However, there is no general *respondeat superior* liability under section 1983, and Aramark cannot be held liable solely because it employs the kitchen staff that prepared the meals in question. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). A private company performing a state function

3

can also be held liable to the same extent as a state actor under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *See Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). However, there is nothing in the complaint from which it can be plausibly inferred that Aramark had an official policy of violating an inmate's religious dietary restrictions. Accordingly, this corporate defendant will be dismissed.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Sheriff David Gladieux, Chaplain Sivers (first name unknown), and Captain Alan Cook in their personal capacity for monetary damages for infringing on the free exercise of his religion in violation of the First Amendment;

(2) GRANTS the plaintiff leave to proceed against Sheriff David Gladieux in his official capacity for permanent injunctive relief under the First Amendment and RLUIPA;

(3) DISMISSES Aramark as a defendant;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Sheriff David Gladieux, Chaplain Sivers (first name unknown), and Captain Alan Cook, and to send them a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sheriff David Gladieux, Chaplain Sivers (first name unknown), and Captain Alan Cook to respond, as provided

for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 29, 2020.

s/William C. Lee  
JUDGE WILLIAM C. LEE  
UNITED STATES DISTRICT COURT